UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MADYSON GREGG,<br><br>       Plaintiff,<br><br>v.<br><br>WALMART STORES, INC.,<br><br>       Defendant. | Civil Action No.<br>3: 20 - CV - 1447 (CSH)<br><br><br>OCTOBER 20, 2020 |

**RULING ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT [Doc. 8]**

**Haight, Senior District Judge:**

### I. BACKGROUND

In this personal injury action, Plaintiff Madyson Gregg alleges that she sustained injuries due to Defendant's negligence when, "[o]n or about August 17, 2018," she "slipped and fell on a clear sticky substance on the floor in an isle [sic] of the Wal-Mart Store located at 465 Bridgeport Avenue, Shelton, Connecticut." Doc. 8-1, ¶ 2. This store was, and is, "owned, controlled, and operated by Defendant Wal-Mart, Inc." *Id.* As a result of her fall, Plaintiff alleges that she sustained injuries and losses, including, *inter alia,* a "right ankle injury, right ankle sprain, emotional and physical pain and suffering, and shock and stress to her entire nervous system." Doc. 1 (Petition for Removal), ¶ 3 (citing Doc. 1-2 (State Court Complaint), ¶ 5). Plaintiff commenced a common law negligence action, arising from these injuries, in the Connecticut Superior Court, Judicial District of Ansonia/Milford, by Complaint dated August 13, 2020. Doc. 1, ¶ 4(a). Thereafter, on September 24, 2020, Defendant removed Plaintiff's action to this Court on the basis of diversity of citizenship

under 28 U.S.C. § 1332(a)(1). *Id.* ¶¶ 4-5.

In its "Petition for Removal," Defendant asserted that Plaintiff is a citizen of Connecticut, Defendant is a corporation incorporated in Delaware with its principal place of business located in Arkansas, and "the amount in controversy does exceed $75,000, exclusive of interest and costs." *Id.* ¶ 4((b)-(d). Contesting this removal, Plaintiff now moves this Court to remand her action to state court, stating that her damages do not reach the minimum jurisdictional amount.[1] In particular, Plaintiff has testified by affidavit that she "stipulate[s] that the damages, exclusive of interest and costs, [are] not in excess of Seventy five thousand dollars ($75,000.00) whether this case proceeds in State or Federal Court and regardless of whether this matter is decided by a jury verdict or court decision." Doc. 8-1 ("Affidavit of Madyson Gregg"), ¶ 5.

## II. DISCUSSION

Plaintiff's pending motion to remand presents the issue of whether a plaintiff may obtain a remand of her case, previously removed on the basis of diversity jurisdiction, by stipulating that the amount in controversy falls below the mandatory jurisdictional amount because it fails to exceed $75,000, exclusive of interest and costs. As Judge Meyer of this District previously noted, this issue "has apparently divided federal courts nationwide." *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 83 (D. Conn. 2014) (citing and discussing Benjamin T. Clark, *A Device Designed to Manipulate Diversity Jurisdiction: Why Courts Should Refuse to Recognize Post–Removal Damage Stipulations*, 58 Okla. L. Rev. 221, 221, 231, 236 (2005)). Nonetheless, for the reasons set forth below, I conclude, as did Judge Meyer, that "when a plaintiff's state court complaint leaves a federal court

---

[1] Plaintiff neither contests Defendant's allegations regarding her citizenship, nor argues that her citizenship is not diverse from that of Defendant. For purposes of the motion, the Court accepts that the action is between citizens of different states.

guessing about how much plaintiff is claiming, a federal court may properly rely on a damages-clarifying stipulation as a basis to order that a removed case be remanded to state court." *Luce*, 23 F. Supp. 3d at 83-84.

The diversity statute confers original jurisdiction on the federal district courts with respect to "all civil actions where the matter in controversy *exceeds the sum or value of $75,000, exclusive of interest and costs*, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (emphasis added). This jurisdictional amount is measured at the time the complaint is filed. *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing' rule."); *see also Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005) ("Generally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events.") (citations omitted). Moreover, the amount in controversy is established on the face of the complaint based on the actual dollar amount claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself . . . ."); *Boorman v. United Parcel Serv. of Am., Inc.*, 159 F.3d 1345 (2d Cir. 1998) (same).

Often, however, the amount in controversy in a state court complaint alleges a serious personal injury but is silent or ambiguous about the actual amount of damages claimed. In Connecticut, state law simply requires a plaintiff to plead a demand for relief that the amount in controversy, exclusive of interest and costs: (1) is $15,000 or more, (2) equals $2,500 or more but less than $15,000, or (3) is less than $2,500. Conn. Gen. Stat. § 52-91. In her state court complaint,

Plaintiff's claim for relief indicated that her damages exceed $15,000. Once removed, her complaint thus leaves the actual amount of her damages in question. Specifically, her complaint fails to inform this federal court whether, although exceeding $15,000, said damages reach the mandatory minimum for removal based on diversity jurisdiction (exceeding $75,000, exclusive of interest and costs), 28 U.S.C. § 1332(a)(1).

Judges of this District have resolved this exact problem with "one practical solution" by granting remand provided that the plaintiff stipulates that she does not seek more than $75,000 in damages, exclusive of interest and costs. *Luce*, 23 F. Supp. 3d at 85 (Meyer, *J.*) (citing *Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159–60 (D. Conn. 2004) (Kravitz, *J.*)). This solution allows a plaintiff "to clarify" the otherwise ambiguous amount in controversy, *Ryan*, 343 F. Supp. 2d at 159, without violating the rule that a plaintiff may not simply reduce a monetary demand to defeat federal diversity jurisdiction that is otherwise proper, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-93 (1938); *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir.2010) (per curiam).[2] *See also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (noting with approval in dicta that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall

---

[2] *See also Andrade v. Target Stores, Inc.*, No. 3:15-CV-1227(AWT), 2015 WL 10891211, at *1 (D. Conn. Dec. 15, 2015) ("[A] district court may allow a plaintiff to 'clarify' his or her complaint after removal in order to assist the court in evaluating the jurisdictional facts existing at the time of removal, if the complaint was ambiguous or silent as to the precise amount in controversy.") (quoting *Ryan*, 343 F. Supp. 2d at 159); *DiCandido v. Mazzer*, No. 3:20-CV-364 (VAB), 2020 WL 1685504, at *2 (D. Conn. Apr. 7, 2020) ("A plaintiff may stipulate that she will not seek more than $75,000 in damages, but the stipulation can 'do[ ] no more than evidentially clarify an amount in controversy that is otherwise ambiguous.'") (quoting *Luce*, 23 F. Supp. 3d at 85).

below the federal jurisdictional requirement").³

As discussed *supra*, in her state court complaint, Plaintiff did not quantify her damages other than to file a statutory notice of an "Amount in Demand" in excess of $15,000, Conn. Gen. Stat. § 52-91. *See* Doc. 1-2 ("Statement of Amount in Demand"). However, in her motion to remand, Plaintiff now clarifies that the amount she seeks is greater than $15,000 but less than $75,000, exclusive of interest and costs. Plaintiff's stipulation negates the need for an evidentiary hearing; it refutes a finding, by a preponderance of the evidence, that her claim gives rise to more than $75,000 in damages, exclusive of interest and costs.⁴ Under these circumstances, remand is warranted. As Judge Meyer concluded, remanding in reliance on such a stipulation, "[j]udicial economy and the essential purpose of Congress—to close the federal courthouse doors to small-dollar diversity

---

³ If a plaintiff seeks remand without stipulating that his or her damages do not exceed the value of $75,000, exclusive of interest and costs, it would be incumbent on the court to conduct an evidentiary inquiry as to whether the jurisdictional amount can be established by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"); *see also United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir.1994) ("Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record.").

⁴ Defendant has not yet responded to Plaintiff's motion. However, Plaintiff's binding stipulation of the amount in controversy serves to clarify the amount of her claimed damages, which permits the Court to find these damages do not reach the jurisdictional minimum. Moreover, both parties are advised that Plaintiff must adhere to this binding stipulation regarding damages or she will be subject to sanctions. *See Ryan v. Cerullo*, 343 F. Supp. 2d 157, 160 (D. Conn. 2004) (citing *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1302 (M.D. Ala. 2001) (warning that "sanctions [would] be swift in coming and painful upon arrival" if plaintiffs pursued or accepted damages in excess of $75,000) and *Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 2d 1087, 1093 n. 4 (N.D. Iowa 1999) ("Rule 11 of the Federal Rules of Civil Procedure stands as a caution to casual or manipulative entry into" stipulations to lend support to remand motions.)).

lawsuits—is served." *Luce*, 23 F. Supp. 3d at 86.

Given Plaintiff's clarification regarding her alleged amount of damages, as provided by her sworn stipulation, the instant action does not meet the minimum jurisdictional limits required to establish diversity jurisdiction under 28 U.S.C. § 1332. Moreover, because there is no "federal question" involved in this action, there is no alternative basis for federal subject matter jurisdiction, 28 U.S.C. § 1331.[5] Lacking subject matter jurisdiction, the Court must remand the case to state court.

### III. CONCLUSION

In light of the foregoing, in the absence of subject matter jurisdiction, the Court hereby GRANTS Plaintiff's motion to remand the case to state court [Doc. 8]. Accordingly, the Clerk is directed to remand the case to the Connecticut Superior Court, Judicial District of Ansonia/Milford, docket number AAN-CV20-6039974-S, and to close the case in this Court.

It is SO ORDERED.

Signed: New Haven, Connecticut
October 20, 2020

                                                */s/Charles S. Haight, Jr.*
                                                CHARLES S. HAIGHT, JR.
                                                Senior United States District Judge

---

[5] 28 U.S.C. § 1331 provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.